UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GERALD JOSEPH                                                          CIVIL ACTION

VERSUS                                                                    NO. 06-10810

DARRELL DYKES ET AL.                                            SECTION "S" (2)

### **O R D E R**

The Court, having considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the plaintiff's objections to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

**IT IS ORDERED** that the defendants' motion for summary judgment is **GRANTED** and that plaintiff's complaint is hereby **DISMISSED WITH PREJUDICE**.

### I. BACKGROUND

Gerald Joseph is a prisoner incarcerated in the B.B. "Sixty" Rayburn Correctional Center (Rayburn) in Angie, Louisiana. He filed a *pro se*, *in forma pauperis* complaint, pursuant to 42 U.S.C. § 1983, against employees of the Louisiana State Department of Public Safety and Corrections at Rayburn: Captain Darrell Dykes, Officer Jerry Young, and Lieutenant Vernon Smith.

Joseph is an inmate counsel in the Snow United Inmate Counsel Office. On July 26, 2006, he was preparing a letter on behalf of Donald Vicks to Vicks's attorney with the American

Civil Liberties Union.  Joseph was called to the classification office and left the letter in the typewriter.  When he returned, the letter was no longer in the typewriter.

On July 27, 2006, Joseph received a disciplinary report from Captain Dykes, alleging that the letter violated Rule 30K[1] because it contained malicious information about security officers on behalf of another inmate.  The report stated that the job of inmate counsel was to assist inmates with their legal needs.

On August 1, 2006, Jerry Young and Vernon Smit, members of the Disciplinary Board, held a hearing.  Joseph argued before the Board that the exception to Rule 30K applied because he acted within the scope and guidelines of an inmate counsel because the letter was going to Vicks's attorney for legal purposes.  The Board found Joseph guilty of violating Rule 30K and imposed a punishment in the form of a loss of his position as inmate counsel and a loss of incentive pay.

Joseph's complaint alleges that he was retaliated against through disciplinary action for attempting to forward information to an attorney.  He alleges that his job assignment was inmate

---

[1] Rule 30K provides:
<u>GENERAL PROHIBITED BEHAVIORS (Schedule B):</u> The following behaviors which may impair or threaten the security or stability of the unit or well-being of an employee, visitor, guest, inmate or their families are prohibited: . . .

k.  The communication of malicious frivolous, false, and/or inflammatory statements or information, the purpose of which is reasonably intended to harm, embarrass, or intimidate an employee, visitor, guest or inmate.  This rule shall not apply to information and/or statements communicated for the express purpose of obtaining legal assistance.

counsel and that it is mandatory that he assist fellow inmates with their legal affairs. Joseph also alleges a violation of the Fourteenth Amendment because he was singled out for harsher treatment than that accorded a similarly situated inmate. He alleges that another inmate counsel wrote to numerous organizations and legal institutions reporting abuses by security officers on behalf of Vicks, and no disciplinary action was taken.

The magistrate judge held a hearing, pursuant to <u>Spears v. McCotter</u>, 766 F2d 179 (5th Cir. 1985) to clarify the allegations in the complaint. The magistrate judge held a settlement conference; however, an agreement was not reached. The defendants filed a motion for summary judgment.

The magistrate judge concluded that Joseph failed to demonstrate a violation of a First Amendment right because assisting fellow inmates with their legal matters is not a constitutionally protected activity. As to his retaliation claim, no violation of a specific constitutional right as a result of retaliatory acts occurred because Joseph prepared the letter on behalf of another inmate, not on his own behalf. Further, Joseph's Fourteenth Amendment right of substantive due process was not violated because he has no liberty or protected property interest in a particular prison job assignment that would entitle him to due process protection. The magistrate judge recommended that summary judgment be granted on behalf of the defendants.

## II. DISCUSSION

Joseph filed objections to the magistrate judge's report and recommendation. He challenges the magistrate judge's characterization of the claim as whether Joseph had a

constitutional right to hold a particular job assignment.  Joseph argues that his contention is that writing a letter to an attorney is protected activity under the First Amendment, and the defendants retaliated against him for engaging in protected activity.  He argues that he has a First Amendment right to compose writings intended for an outside audience as long as the right is not restricted by some important government interest.  Joseph further argues that the letter was protected under the First Amendment because it was to be forwarded to an attorney, not an inmate.

"To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred."  Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).  "[P]risoners generally enjoy a constitutional right of access to the courts."  Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997).  "This right of access for prisoners is not unlimited, however; rather, it encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement."  Id. at 311.  "Prisoners have no right to a particular prisoner's help in legal matters as long as the putative recipient's constitutional right of access to the courts is not infringed."  Id. (quoting Tighe v. Wall, 100 F.3d 41, 43 (5th Cir. 1996)).  "The relevant constitutional protection . . . accrues to the benefit of the prisoner in whose name the lawsuit is filed, not those who assist in the preparation of that lawsuit."  Id.  "Thus, neither any frivolous filings nor secondary litigation activity, *i.e.* legal research and writing that does not involve preparation of lawsuits challenging a writ

writer's own conviction(s) or the conditions of his or her confinement, may comprise the basis of a retaliation claim." Id.

Joseph has not alleged a violation of his First Amendment rights. The communication to Vicks's attorney did not involve Joseph's legal rights or the preparation of a lawsuit based on the conditions of Joseph's confinement. Vicks's right of access to court is not implicated because he was represented by the attorney to whom Joseph was sending the letter. Vicks had access to reasonable assistance, and Joseph had no right to provide his fellow inmate with assistance. See Gassler v. Rayl, 862 F.2d 706, 707-08 (8th Cir. 1988). Thus, the communication was not for the purpose of legal assistance, and the exception to Rule 30K does not apply.

Because Joseph has not alleged a violation of a specific constitutional right, he has not stated a claim of retaliation for exercising that right. Joseph's objection to the magistrate judge's report and recommendation is **OVERRULED**.

New Orleans, Louisiana, this  27th  day of   February   , 2008.


**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**