

United States Court of Appeals
Fifth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

**F I L E D**
March 2, 2010

Charles R. Fulbruge III
Clerk

No. 08-30315

D.C. Docket No. 2:06-CV-10810
D.C. Docket No. 2:06-CV-10810

GERALD JOSEPH,

      Plaintiff - Appellant

v.

DARRELL DYKES, Captain at Rayburn Correctional Center; JERRY YOUNG, Classification Officer at Rayburn Correctional Center; VERNON SMITH, Lieutenant at Rayburn Correctional Center,

      Defendants - Appellees

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before SMITH, CLEMENT, and OWEN, Circuit Judges.

JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is vacated, and the cause is remanded to the District Court for further proceedings in accordance with the opinion of this Court.

ISSUED AS MANDATE: MAR 2 4 2010

___ Fee _____
___ Process _____
X  Dktd _____
___ CtRmDep _____
___ Doc. No. _____

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit

By: _____
Deputy

New Orleans, Louisiana

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2010

Charles R. Fulbruge III
Clerk

No. 08-30315

GERALD JOSEPH,

                Plaintiff-Appellant,

versus

DARRELL DYKES, Captain at Rayburn Correctional Center;
JERRY YOUNG, Classification Officer at Rayburn Correctional Center;
VERNON SMITH, Lieutenant at Rayburn Correctional Center,

                Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:06-CV-10810

Before SMITH, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

      Gerald Joseph, a Louisiana prisoner, appeals a summary judgment in favor of prison officials on his 42 U.S.C. § 1983 claims. He argues that officers re-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

taliated against him for exercising his First Amendment rights. We vacate and remand.

I.

While working as an inmate counsel in the Rayburn Correctional Center ("RCC"), Joseph typed a letter to an attorney at the American Civil Liberties Union. The letter addressed the legal affairs of another inmate and the general practices of prison security. Joseph was called away from his office, and when he returned, the letter was no longer in the typewriter. The next day, he received a disciplinary report from Captain Darrell Dykes, alleging that the letter violated RCC's Rule 30K against making malicious statements about RCC or its staff. A disciplinary board, made up of officers Jerry Young and Vernon Smith, found Joseph guilty of the offense and punished him with the loss of his job as inmate counsel and six months' incentive pay.

Joseph filed a *pro se, in forma pauperis* § 1983 complaint against Dykes, Young, and Smith. Arguing that the officers had retaliated against him for exercising his rights under the First and Fourteenth Amendments, he sought monetary damages and reinstatement as inmate counsel.

After a *Spears* hearing and unsuccessful settlement discussions, the officers moved for summary judgment. Finding that Joseph raised no cognizable constitutional claims, the magistrate judge ("MJ") recommended that the district court grant summary judgment and dismiss the complaint with prejudice. Over Joseph's objections, the court adopted the MJ's findings and conclusions. Joseph appeals the denial of his retaliation claim based on the exercise of his rights under the First Amendment.

II.

We review a summary judgment *de novo*. *Mayfield v. Tex. Dep't of Crimin-*

*al Justice*, 529 F.3d 599, 603 (5th Cir. 2008). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). "We are not bound by the reasons articulated by the district court ... and may affirm the judgment on other grounds." *Chriceol v. Phillips*, 169 F.3d 313, 315 (5th Cir. 1999).

### III.

To establish retaliation, a prisoner must show "(1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Finding that Joseph's complaint did not implicate any constitutional rights, the district court granted summary judgment on the first prong. Joseph contends, however, that the court misconstrued the nature of his claim under the First Amendment. He argues that the court thought he was making an access-to-court claim, but he was actually making a free-speech retaliation claim. Construing his *pro se* complaint liberally, *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam), we conclude that Joseph asserts both types of claim.

Prisoners have a constitutionally protected right of access to the courts, *see Bounds v. Smith*, 430 U.S. 817, 821 (1977), that is one aspect of the First Amendment right to petition the government for a redress of grievances, *see Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972). Joseph now concedes that writing the letter did not implicate his right of access to the courts under the First Amendment.

In adopting the MJ's opinion, however, the district court applied the wrong standard to the First Amendment free-speech claim. Relying on *Johnson v. Rod-*

3

*riguez*, 110 F.3d 299 (5th Cir. 1997), the court found that Joseph had no cognizable First Amendment claim, because "'[t]he relevant constitutional protection . . . accrues to the benefit of the prisoner in whose name the lawsuit is filed, not those who assist in the preparation of that lawsuit.'" *Joseph v. Dykes*, No. 06-10810, 2008 WL 553193, at *2 (E.D. La. Feb. 27, 2008) (quoting *Johnson*, 110 F.3d at 311). The quoted section of *Johnson*, however, dealt only with the constitutional right of access to the courts. By conflating Joseph's free-speech claim with his access-to-court claim, the district court applied the wrong standard to the former.

A prisoner's free-speech claim must instead be analyzed under *Turner v. Safley*, 482 U.S. 78, 89 (1987),[1] in which the Court held that prisoner speech may be curtailed if the regulation is "reasonably related to legitimate penological interests." That standard determines the scope of Joseph's free-speech rights and must be applied on the first prong of his retaliation claim. Because the district court applied the improper access-to-court standard to the underlying free-speech claim, the summary judgment on Joseph's retaliation claim was in error.[2]

The summary judgment on the retaliation claim is VACATED, and this matter is REMANDED for further action in accord with this opinion. We express no view on what decisions the district court should make on remand or on the ultimate merits of the remaining issues.

---

[1] *See Brewer v. Wilkinson*, 3 F.3d 816, 823-27 (5th Cir. 1993); *see also Morgan v. Quarterman*, 570 F.3d 663, 666 (5th Cir. 2009).

[2] The record is insufficient for this court to resolve Joseph's free-speech claims under *Turner*, so the district court must address that issue on remand. The officers also claimed qualified immunity in the district court, but neither party mentions that issue on appeal.